(C.D. 4529)

SQUAW VALLEY DEVELOPMENT COMPANY *v.* UNITED STATES

Court No. 67/79753(B)

(Decided April 25, 1974)

*Glad, Tuttle & White* (*John McDougall* of counsel) for the plaintiff.
*Carla A. Hills,* Assistant Attorney General (*Michael S. O'Rourke,* trial attorney), for the defendant.

162

RICHARDSON, Judge: The merchandise in this case, exported from West Germany in August and September of 1963, is described on the consumption entries as "STRUCTURAL SHAPES OF IRON OR STEEL" [entry 21559] and as "STRUCTURAL SHAPES OTHER THEN [sic] ALLOY IRON OR STEEL" [entry 27838]. The merchandise was classified in liquidation upon entry at the port of San Francisco, Calif. under TSUS item 652.98 as structures and parts of structures of base metal, other, at the duty rate of 19 *per centum ad valorem*. The plaintiff-importer claims that the merchandise is properly classifiable under TSUS item 664.10 as parts of "elevators or other lifting machinery" at the duty rate of 10.5 *per centum ad valorem*.

The competing tariff provisions read:

[classified]

> Hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other structures and parts of structures, all the foregoing of base metal:
> Of iron or steel:

|  |  |  |
|---|---|---|
| | \* \* \* \* \* \* \* | |
| 652.98 | Other _____ | 19% ad val. |

[claimed]

|  |  |  |
|---|---|---|
| 664.10 | Elevators, hoists, winches, cranes, jacks, pulley tackle, belt conveyors, and other lifting, handling, loading, or unloading machinery, and conveyors, all the foregoing and parts thereof not provided for in item 664.05_____ | 10.5% ad val. |

According to the evidence in the case the imported articles in dispute, along with other articles, were utilized in the construction of a ski lift at Squaw Valley, California, which went into operation in December of 1963, featuring, as one witness put it, "an aerial passenger tramway that consisted of 23 support structures, 18,000 feet of endless cable, 79 gondola cars." And the disputed articles, when assembled at the construction site, constituted the support structures for that ski lift system.

At the trial testimony was elicited from two witnesses employed by plaintiff who were present when the ski lift was constructed. One witness, Hans von Nolde, was employed in the field of public relations, publicity, marketing, and advertising; and the other witness, John T. Buchman, was employed as general manager, and was also plaintiff's secretary and treasurer. These witnesses, although possessing no

engineering degrees, were said to be familiar with the erection and operation of ski lifts from their personal experience and association with plaintiff. They testified as to construction details and administrative matters relating to the ski lift. Buchman and von Nolde referred to the disputed articles (when assembled) as "towers". And each was of the opinion that the "tower heads" would be of no use to plaintiff without the additional equipment that was added to them.

Testimony was also elicited from Humphries Miller Walton, a civil engineer in the employ of the American Bridge Division of the United States Steel Corporation. Mr. Walton identified the merchandise in issue as constituting (when assembled) lattice-type towers made of standard roll sections bolted together with a tower head composed of riverted sections with weldment at the top. The witness included the tower head in the concept of "tower", but excluded from this concept the sheave assemblies which are attached to the tower head in the Squaw Valley installation. Mr. Walton testified that the disputed articles (when assembled) conform to the industry definition of a "tower", and are similar to towers made by his employer. He also testified that with slight modification the disputed articles could be used as floodlight or microwave towers. And the witness stated that other uses for lattice towers included electrical transmission towers, substation towers, and towers for personnel conveyance.

Plaintiff argues that the inclusion of tower heads and sheave assemblies in the imported support structures rendered the disputed articles something more than "towers", and, therefore, beyond classification under item 652.98 under the *eo nomine* provision for towers. Plaintiff also contends that the support structures in combination with sheave assemblies, endless cable, and consoles constitute an unassembled and substantially complete ski lift.

With respect to plaintiff's first argument, it is to be noted that the disputed merchandise was not classified under the *eo nomine* provision for "towers" in item 652.98 for the reason, as defendant points out in the brief, that neither of the two entries before the court contained sufficient structural shapes and parts to form complete towers independent of the merchandise covered by the other entry. Consequently, plaintiff's "more than a tower" argument is misplaced inasmuch as the question presented under the instant facts is not whether the disputed merchandise constitutes "towers", but rather whether the merchandise in issue constitutes structures and parts of structures within the ambit of item 652.98. And plaintiff has not addressed itself to this question in its briefs. As such, the court fully agrees with defendant when it says in its brief (p. 18) "plaintiff has not shown how the protested merchandise, not a combination of non-protested and protested mer-

chandise, is anything more than structural steel shapes that when assembled, as in this case, result in a tower."

With respect to plaintiff's second argument, the court is of the opinion that this argument suffers from essentially the same deficiency which characterized palintiff's first argument. In addition to the entry parts deficiency noted herein with regard to the "towers", each of the two entries before the court also lacked sufficient parts to constitute a substantially complete ski lift in unassembled condition.

According to the official papers received in evidence at the trial, entry 21559, entered September 17, 1963, covered 191 packages consisting of electrical parts, wire rope, and structural shapes while entry 27838, entered October 28, 1963, covered 43 packages consisting of electrical and structural parts. However, neither of these entries covered the "gondola" cars which were mentioned in the testimony of witnesses as being part of this lift system at Squaw Valley. Consequently, on this record it would have been improper for the customs officials at the port of entry to have entertained a "substantially complete article" classification for the disputed merchandise in terms of a ski lift in view of the omitted "gondola" cars. *Authentic Furniture Products, Inc.* v. *United States*, 61 CCPA 5, C.A.D. 1109, 486 F. 2d 1062 (1973).

In C.A.D. 1109 cited by the defendant the merchandise was wooden headboards, footboards, posts, ladders, and guardrails of bunk bed units imported minus siderails which were classified as parts of furniture under TSUS item 727.40, as modified, and claimed by the importer to be properly classifiable under TSUS item 727.35, as modified, as furniture other than chairs, in accordance with General Interpretative Rule 10(h).[1] The customs court found the bunk bed units not to be a substantially complete article in their imported condition, and, accordingly, overruled the protest. In sustaining the lower court our appeals court said:

> Considering as we must, however, the goods in their imported form, we find the missing siderails to be an essential item. We thus find no basis for overturning the lower court's finding that the imported pieces constituted less than a substantially complete bunk bed. We consider the application of the test, whereby the absence of a substantial or essential part precludes classification as the unfinished article itself, to be well founded in the case law so ably discussed by the lower court and aptly followed in the present case.

In the instant case there can be no doubt that the absence of "gondola" cars vitiates any classification claim for substantial com-

---

[1] Rule 10(h) states: unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

pleteness of a ski lift at Squaw Valley incorporating the merchandise in issue. Indeed, plaintiff's definition of a "ski lift" indicates that "seating" is an essential element of the system. And the cases relied upon by plaintiff which are cited on pages 13 through 15 of its main brief do not compel a different view of the instant facts inasmuch as these cases differ on their facts as to the "essentiality" of the missing parts to the unfinished or unassembled articles.

Plaintiff, as if anticipating rejection by the court of its second argument, urges upon the court as a concluding argument the following:

> It is further submitted that if the Court rule the provision for lifting machinery is inapplicable the merchandise should be reliquidated as parts of lifting machinery since in its imported condition it is dedicated to use as a ski lift and a use provision is more specific than an *eo nomine* provision as parts of towers.

It is unnecessary for the court to entertain this third argument advanced by plaintiff inasmuch as it erroneously presupposes that the disputed merchandise was classified under the *eo nomine* provision for "towers" [2] in item 652.98, when, in point of fact, the disputed merchandise was classified under the provisions of item 652.98 for "structures and parts of structures"—tariff provisions which, like the tariff provision for lifting machinery, are *use* provisions. And plaintiff admits in its brief that the disputed merchandise constitutes "support structures".

For the reasons stated, plaintiff has failed to establish the allegations in its complaint, and, consequently, this action must be and is dismissed.

Judgment will be entered herein accordingly.

(C.D. 4530)

---

[2] TSUS item 652.98 contains no provision for "parts of towers" as plaintiff's argument suggests.